IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL BILLY WHITEHEAD                                              PLAINTIFF

v.                      Civil No. 5:22-cv-05129-TLB-MEF

DEPUTY CORY THOMAS,
United States Marshals Service; and
UNITED STATES MARSHALS SERVICE                            DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Complaint (ECF No. 1) under 28 U.S.C. § 1915A. Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.    BACKGROUND

According to the allegations of the Complaint (ECF No. 1), Plaintiff is a federal prisoner currently being held in the Washington County Detention Center ("WCDC"). *Id.* at 4. Plaintiff has been diagnosed with gender dysphoria. *Id.* The WCDC medical staff recommended that Plaintiff be treated with estradiol, an estrogen hormone.[1] *Id.* Deputy Marshal Cory Thomas denied the treatment because Plaintiff had not yet begun taking estrogen prior to his incarceration. *Id.* at 4-5. Plaintiff alleges the United States Marshal Service ("USMS") enforced a "freeze frame" policy to deny him the estrogen therapy. *Id.* at 5.

---

[1] https://medlineplus.gov/druginfo/meds/a682922.html (accessed July 27, 2022).

As relief, Plaintiff would like the Court to force the USMS to provide him with estrogen. (ECF No. 1 at 9). Plaintiff also seeks compensatory and punitive damages. *Id.*

## II. LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.

1985).

### III. DISCUSSION

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued … and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (cleaned up). To sue the United States, Plaintiff must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction. *V S Ltd. P'ship v. Dep't of Housing and Urban Dev.*, 235 U.S. 1109, 1112 (8th Cir. 2000).

By suing directly under the constitution, Plaintiff brings what is known as a *Bivens* action. *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* actions are limited to actions brought against individual defendants only in their personal capacity. *Bivens* does not waive sovereign immunity for actions against the United States and its agencies. *See e.g., Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998). The USMS is an agency of the United States and is immune from any action for damages.

When prospective injunctive relief is sought, sovereign immunity is waived under the Administrative Procedure Act, 5 U.S.C. § 702. *Raz v. Lee*, 343 F.3d 936, 938 (8th Cir. 2003). When injunctive relief is sought, Plaintiff must allege "continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974). Plaintiff has done so here.

### IV. CONCLUSION

For these reasons, it is recommended that all damages claims against the United States Marshal Service be **DISMISSED.**

By separate order the Complaint will be served on the Defendants.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of July 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE