IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL BILLY WHITEHEAD                                                                  PLAINTIFF

v.                         Civil No. 5:22-cv-05129 TLB-MEF

HERITAGE HEALTH SOLUTIONS, INC.                                                      DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on the Plaintiff's failure to obey an Order of the Court.

**I.   DISCUSSION**

Plaintiff filed this action pursuant to 42 U.S.C. §1983. He proceeds *pro se* and *in forma pauperis* ("IFP"). Plaintiff was incarcerated in the Washington County Detention Center ("WCDC") at the time he filed his Complaint (ECF No. 1 at 1).

When he filed this case, Plaintiff was specifically advised (ECF No. 3) that he was required to immediately inform the Court of any change of address. If Plaintiff was transferred or released, Plaintiff was told he must advise the Court of any change in his address by no later than thirty (30) days from the time of his transfer to another facility or his release. Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires *pro se* parties to "promptly notify the Clerk and other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently."

On November 30, 2022, mail was returned as undeliverable (ECF No. 21) from the WCDC

marked "return to sender not at facility." Plaintiff had thirty days, or until December 30, 2022, to provide the Court with a new address. On December 16, 2022, mail was again returned to the Court (ECF No. 22) from the WCDC marked "return to sender no longer at this facility."

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)(stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986)(emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

To date, Plaintiff has not provided a new address or contacted the Court in anyway. In fact, the last thing filed by the Plaintiff in this case was his November 16, 2022, Amended Complaint (ECF No. 17). The Court has confirmed by review of the WCDC detainee roster than Plaintiff is not incarcerated in that facility.[1]

## II.  CONCLUSION

For this reason, it is recommended that **this case be DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas.

**The parties have fourteen days from receipt of the Report and Recommendation in**

---

[1] https://www.washingtoncountyar.gov/government/departments-f-z/sheriff/detention-information/detainee-roster-detailed (accessed January 18, 2023).

**which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.**

DATED this 19th day of January 2023.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE